**BOUTIN JONES INC.**
Robert D. Swanson SBN162816
Michael E. Chase SBN 214506
Daniel S. Stouder SBN 226753
BOUTIN JONES INC.
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
(916) 321-4444

Attorneys for Plaintiff,
California State Grange

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STATE GRANGE, a California non-profit mutual benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE GRANGE OF THE STATE OF CALIFORNIA'S ORDER OF PATRONS OF HUSBANDRY, CHARTERED, a California corporation, and DOES 1-10, inclusive<br><br>Defendants. | **Case No.**<br><br>**JURY TRIAL DEMANDED**<br><br>**CALIFORNIA STATE GRANGE'S COMPLAINT FOR**<br><br>1) **UNFAIR COMPETITION [15 U.S.C. § 1125(a)]**<br>2) **TRADE NAME INFRINGEMENT**<br>3) **COMMON LAW MARK INFRINGEMENT** |

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is premised upon 28 U.S.C. §§ 1331 and 1367, as one or more claims for relief arise under laws of the United States, including the Lanham Act, 15 U.S.C. § 1125(a), and the claims asserted are so related as to form part of the same case or controversy under Article III of the United States Constitution.

2. Plaintiff California State Grange ("California Grange") is a California non-profit mutual benefit corporation.

3. Defendant The Grange of the State of California's Order of Patrons of Husbandry, Chartered ("TGSC") is a California corporation which is subject to the exercise of personal jurisdiction in this judicial district.

4. Ed Komski ("Komski") is an officer, director, and/or authorized agent for TGSC who currently resides within this judicial district.

5. Lillian Booth ("Booth") is an officer, director, and/or authorized agent for TGSC who currently resides within this judicial district.

6. California Grange does not know the true names or capacities of defendants sued as DOES 1-10. On information and belief, each fictitiously named-defendant is legally responsible for the acts, transactions, and obligations herein alleged, or is otherwise interested in or affected by the relief herein sought. California Grange will amend this complaint to allege these fictitiously named defendants' true names and capacities when ascertained.

7. On information and belief, at all times herein mentioned, defendants, and each of them, were acting on their own behalf and as the agents, employees, representatives, partners, joint venturers, co-conspirators, and/or servants of each of the other defendants, and the acts hereinafter described were done within the course and scope of such agency, employment, or conspiracy.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND FACTS

9. California Grange has been in existence since 1873 and is now and has been for over 60 years a California corporation. California Grange is comprised of subordinate/local Granges ("Subordinate Granges") and Pomona/county Granges ("Pomona Granges"). The Subordinate Granges and Pomona Granges rely on California Grange for their non-profit tax status.

10. Subordinate Granges pay dues to California Grange. The dues are paid annually, on a quarterly basis according to California Grange bylaws, to which all Subordinate Granges have agreed to abide. Pomona Granges are not required to pay dues. California Grange's operations are in large part dependent upon the revenue it receives from the payment of dues by the Subordinate Granges.

11. TGSC incorporated in or around February of 2014. Since that time, it has engaged in a

fraudulent campaign of communicating with Subordinate Granges, Pomona Granges and others under the guise of actually being California Grange.  TGSC operates and controls a website which purports to be that of California Grange ("Counterfeit Website") by, among other things, utilizing the internet address "www.castategrange.org," featuring "California State Grange" as the main heading at the top of all pages within the site, and stating "Welcome to the California State Grange" as the sub-heading on its home page.  TGSC has made, and continues to make, numerous phone calls and send continual unsolicited emails and letters to the Subordinate Granges and Pomona Granges under these false and fraudulent pretenses.  Komski has adopted the email address ekomski@CAStateGrange.org, and Booth has adopted the email address lbooth@CAStateGrange.org, both in furtherance of their scheme to defraud the public at large regarding TGSC's true identity.   TGSC has sent these emails and letters on "California State Grange" letterhead and with a link to the Counterfeit Website.  TGSC has solicited the contact information of Subordinate Granges and Pomona Granges and misled them by asserting that California Grange had been reorganized with a new slate of officers and a new office location.

12. TGSC has posed as California Grange at events and meetings of other organizations, including the California Division of Fairs.  It has gone so far as to attempt to and continue to attempt to persuade various local and county fair boards in the state of California to prevent California Grange from having its Grange juniors and youth showcase their animals and participate in fairs under the name "California State Grange."  Komski personally visited various fair board meetings in Sacramento to further this scheme and to falsely represent that California Grange no longer legally exists.  On information and belief, Komski and Booth have also sent deceptively official looking correspondence to the Subordinate Granges and Pomona Granges attempting to restrict California Grange juniors and youth from showing their animals at fairs unless and until their granges disaffiliate from California Grange and instead join TGSC.

13. Most egregiously, under these pretenses, TGSC fraudulently solicited the Subordinate Granges to send their quarterly dues to TGSC, rather than to California Grange, and falsely stated that the real California Grange no longer exists and is not a legal entity.  TGSC has taken these and other

673292.1

wrongful actions in a malicious effort to persuade the Subordinate Granges and Pomona Granges to dissociate with California Grange and join TGSC's organization.

14. TGSC's fraudulent actions described above have caused great confusion among Subordinate Granges and Pomona Granges and have caused some of them to pay their quarterly dues to TGSC rather than to California Grange. TGSC's wrongful conduct has caused some members of the Subordinate Granges and Pomona Granges to leave California Grange and prevented and/or deterred future members from joining Subordinate Granges and Pomona Granges. As a direct result, California Grange has been harmed, including but not limited to, in the form of revenue from past and future dues from Subordinate Granges.

**FIRST CLAIM FOR RELIEF**

(Unfair Competition, 15 U.S.C. § 1125(a) against TGSC and Does 1-10)

15. California Grange incorporates here by reference each of the allegations set forth in paragraphs 1 through 14.

16. As described above, TGSC uses in interstate commerce words, terms, names, symbols, and devices, as well as combinations thereof; false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which are likely to cause confusion, to cause mistake, to deceive as to the affiliation, connection, or association of TGSC with another person, as to the origin, sponsorship, or approval of its goods, services, and commercial activities by another person, and in commercial advertising and promotion, misrepresents the nature, characteristics, qualities, and geographic origin of its and California Grange's goods, services, or commercial activities, all in violation of the Lanham Act, 15 U.S.C. § 1125(a).

17. This unfair competition has proximately caused California Grange to suffer injury in fact and lost money and property as a result.

18. On information and belief, TGSC has received dues from the Subordinate Granges as a result of its unfair competition which should be restored to California Grange.

19. TGSC's wrongful conduct is continuing and will continue unless restrained by this court.

## SECOND CLAIM FOR RELIEF

(Trade Name Infringement against TGSC and Does 1-10)

20. California Grange incorporates here by reference each of the allegations set forth in paragraphs 1 through 19.

21. California Grange is a California non-profit mutual benefit corporation with its principal place of business in Sacramento County.

22. California Grange has been in existence since 1873 and was incorporated as a California corporation, "California State Grange," in 1946.

23. California Grange has continuously done business under the corporate and trade name "California State Grange" since its incorporation in 1946. California Grange has built up valuable goodwill in this trade name, and it has come to be associated exclusively with California Grange's business by its members, business associates, vendors, customers, and the public generally throughout California.

24. After California Grange's adoption and use of its trade name "California State Grange," TGSC began doing business and engaging in conduct under the name "California State Grange." TGSC's trade name is identical, and therefore substantially similar, to that of California Grange, and TGSC's use of that name creates a likelihood that California Grange's members, business associates, vendors, customers, and the public generally will be confused or misled as to the source of goods or services in that they are likely to believe that TGSC's business is identical to or affiliated with that of California Grange.

25. TGSC threatens to, and unless restrained will, continue to use the trade name, "California State Grange," as a result of which California Grange's members, business associates, vendors, customers, and the public generally will be misled and deceived into believing that TGSC's business is identical to or affiliated with that of California Grange, all to the irreparable injury of California Grange's business and goodwill and to the unjust enrichment of TGSC. California Grange has no adequate remedy at law.

26. In 1946, California State Grange filed articles of incorporation under Section 200 of the Corporations Code containing its corporate and trade name, "California State Grange."

27. TGSC's continuing use of the identical and confusingly similar trade name constitutes an infringement and violation of California Grange's rights in its trade name.

28. Unless restrained by the Court, TGSC threatens to and will continue to use the trade name "California State Grange" in violation of California Grange's rights.

## THIRD CLAIM FOR RELIEF

(Common Law Mark Infringement against TGSC and Does 1-10)

29. California Grange incorporates here by reference each of the allegations set forth in paragraphs 1 through 28.

30. California Grange's business has been and is extensively advertised and publicized throughout California under its service mark since 1873. As a result there has been great consumer acceptance and recognition of the mark "California State Grange." California Grange's mark identifies California Grange's business only, and distinguishes it from those of others.

31. TGSC's first use of the name "California State Grange" was made after California Grange's first used the mark.

32. TGSC's use of the name "California State Grange" is likely to confuse and mislead Subordinate Granges and Pomona Granges, California Grange members, prospective members, local, county, and state fair boards, and the general public. California Grange is informed and believes and thereon alleges that TGSC's use of the name "California State Grange" has in fact caused actual public confusion between California Grange's and TGSC's business. TGSC's use of the name "California State Grange" caused and continues to cause the public to believe that TGSC's business is that of, or affiliated with, California Grange's. Upon information and belief, TGSC has financially profited from its infringement of California Grange's mark.

33. As a proximate result of advantage accruing to TGSC's business from California Grange's advertising, sales, and consumer recognition, and as a proximate result of confusion and deception caused by TGSC's use of the name "California State Grange," California Grange has been

damaged in an amount in excess of the jurisdictional minimum of this Court and in an amount to be determined at trial.

34. Unless restrained by this Court, TGSC will continue to use the name "California State Grange," and the public will be misled and deceived into believing that TGSC's business is that of, or affiliated with, California Grange's, causing California Grange irreparable injury.

**WHEREFORE**, California Grange prays for judgment as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For punitive damages in an amount appropriate to punish defendants and to deter others from engaging in similar misconduct;

3. For a preliminary and permanent injunction prohibiting defendants from interfering with California Grange's contractual and economic relationships with the Subordinate Granges and Pomona Granges;

4. For a preliminary and permanent injunction prohibiting defendants from using "California State Grange" as the trade name for TGSC;

5. For a preliminary and permanent injunction prohibiting defendants from using California Grange's mark "California State Grange", and from attempting to mislead and deceive the public into believing that TGSC's business is that of, or affiliated with, California Grange's.

6. For a permanent injunction preventing defendants from maintaining the Counterfeit Website;

7. For a permanent injunction preventing defendants from engaging in unfair competition;

8. For disgorgement of defendants' unjust enrichment, in an amount according to proof;

9. For restitution of dues acquired by TGSC by means of its unfair competition in an amount according to proof;

10. For costs of suit;

11. For prejudgment interest;

12. For any other relief the Court deems proper.

1  DATED: February 6, 2015

2                                              BOUTIN JONES INC.

3

4                                              By: /s/  *Daniel S. Stouder*
                                                       Robert D. Swanson
5                                                      Michael E. Chase
                                                       Daniel S. Stouder
6
                                                       Attorneys for Plaintiff
7                                                      California State Grange

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28