UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE GRANGE, a California Corporation,<br><br>Defendant. | CIV. NO. 2:14-00676 WBS DAD<br><br>CIV. NO. 2:15-00317 WBS DAD<br><br>ORDER RE: MOTIONS TO CONSOLIDATE |
| CALIFORNIA STATE GRANGE, a California non-profit mutual benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE GRANGE OF THE STATE OF CALIFORNIA'S ORDER OF PATRONS OF HUSBANDRY, CHARTERED, a California corporation, and DOES 1-10, inclusive,<br><br>Defendant. | |

The trademark infringement actions National Grange v. California State Grange, Civ. No. 2:14-00676 (E.D. Cal. filed Mar. 12, 2014) ("Grange I"), and California State Grange v. Grange of the State of California's Order of Patrons of Husbandry, Civ. No. 2:15-00317 (E.D. Cal. filed Feb. 6, 2015) ("Grange II"), were both filed in this court and turn on which party holds right to use the name "California State Grange."[1] While Grange of the State of California's Order of Patrons of Husbandry ("TGSC") and the National Grange are not the same party, they are affiliated in some capacity.[2] Because of the common issues of law and fact, California State Grange, defendant in Grange I and plaintiff in Grange II, has moved to consolidate the actions. (See Mot. to Consolidate, Grange I (Docket No. 41); Mot. to Consolidate Grange II (Docket No. 14).) Both the National Grange and TGSC oppose the motion insofar as California State Grange has requested that the trial date in Grange I be vacated to accommodate consolidation. (See Grange I Docket No.

[1] There is also a related case filed in California state court, National Grange v. California State Grange, Civ. No. 34-2012-00130434 (Cal. Sup. Ct. filed Oct. 1, 2013). In that case National Grange seeks a declaration of the rights and duties of the parties following the revocation of California State Grange's charter. The right to use the Grange trademark is not being litigated in the state action.

[2] At a status conference on May 26, 2015 in Grange II, when the court asked how the National Grange and TGSC were affiliated, the parties were unable to provide clarification. In its brief for its motion for summary judgment in Grange I, the National Grange now states that it chartered TGSC to be the new official California Grange after California State Grange disaffiliated. The precise nature of the affiliation is nonetheless immaterial to the court's ruling on this motion, as the parties all agree that Grange I and Grange II involve common questions of law and fact.

42; Grange II Docket No. 16.)

"If actions before the court involve a common question of law or fact, the court may . . . consolidate [them]." Fed. R. Civ. P. 42(a). "The district court, in exercising its broad discretion to order consolidation of actions . . . weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); accord Lewis v. City of Fresno, Civ. No. 1:08-01062 OWW GSA, 2009 WL 1948918, at *1 (E.D. Cal. Jul. 6, 2009); see Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions . . . ."). California State Grange bears the burden of showing consolidating the actions is appropriate. See Lewis, 2009 WL 1948918, at *1 (noting the burden lies on the party moving to consolidate).

In Grange I, discovery has now closed, the dispositive motion deadline has passed, the parties' cross-motions for summary judgment motion will be heard July 13, 2015, and trial is set for October 14, 2015. In Grange II, filed nearly a year after Grange I, discovery has not commenced and the trial date has not yet been set. All attorneys appearing at the June 29, 2015 hearing on these motions seemed to take the position that consolidating these cases for trial should not unnecessarily delay the trial date in Grange I. The only attorney who appears to contend that the trial date set in Grange I is unworkable for a consolidated trial because of the need for further discovery in Grange II is the attorney who represents California State Grange in Grange II. He happens to have been the only attorney who was

not present at the hearing, so was unavailable for questioning regarding the reasons for his opinion. For purposes of ruling on the pending motions, the court must therefore accept his representations regarding the time required for further discovery.

Although Grange I and II both involve common questions of law and fact, consolidation is inappropriate. Consolidating these actions would cause delay in Grange I close to its trial date and would result in undue expense to National Grange. "Factors such as differing trial dates or stages of discovery usually weigh against consolidation." Lewis, 2009 WL 1948918, at *1; accord In re Oreck Corp. Halo Vacuum and Air Purifiers Marketing and Sales Practices Litig., 282 F.R.D. 486, 490 (C.D. Cal. Apr. 17, 2012); see Antoninetti v. Chipotle Mexican Grill, Inc., Civ. No. 05-01660 WMC, 2007 WL 2669531, at *2 (S.D. Cal. Sept. 7, 2007) ("Where a case that is ready for or close to trial would be held up pending completion of pretrial proceedings in another case, courts have consistently denied consolidation."). The burden and expense of consolidation thus outweigh any benefit.

IT IS THEREFORE ORDERED that the California State Grange's motion for consolidation be, and the same hereby is, DENIED. If, however, the circumstances should change and it should later appear that the cases can be consolidated without delaying the trial date in Grange I, the court will consider a renewed motion to consolidate.

Dated: June 29, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE